**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PHILLIP STONE, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **No.** |
| -against- | |
| **EXOS HUMAN CAPITAL, LLC,** | |
| **Defendant.** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

\

Phillip Stone ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions including but not limited to health fitness specialists, fitness associates, and similar hourly workers (collectively, "Hourly Workers") who work or have worked for Exos Human Capital, LLC. ("Exos" or "Defendant").

2.      Headquartered in Phoenix, Arizona, Defendant provides fitness services and facilities for corporate clients throughout the United States.

3.      To conduct their operations in New York, Exos employs over fifty Hourly Workers.

1

4.      At all relevant times, Defendant has compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

5.      Despite being manual workers, Defendant failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned as required by NYLL § 191.

6.      In this regard, Defendant failed to provide prompt payment to Plaintiff and all other similarly situated Hourly Workers in New York as required by the FLSA and NYLL.

7.      The FLSA holds a prompt pay requirement, under which late wages are considered a form of unpaid wages. *See Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 56 (2d Cir. 1998) (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960)); *Rigopoulos v. Kervan,* 140 F.2d 506, 507 (2d Cir. 1943); *Rogers,* 148 F.3d 52, 58 (2d Cir. 1998).

8.      Defendant's failure to provide timely payment therefore violates the FLSA.

9.      Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955)

10.      As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

11.      At all relevant times Defendant has compensated Plaintiff and all other Hourly Workers on an hourly basis.

12.      Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to the FLSA, 29 U.S.C. § 216(b) and Federal Rule of Civil

Procedure 23 ("Rule 23") to remedy violations of the FLSA and NYLL.

## THE PARTIES

### Plaintiff

**Phillip Stone**

13.    Phillip Stone ("Stone") is an adult individual who is a resident of New Jersey.

14.    Stone was employed by Exos as an Hourly Worker from in or around 2016 through approximately May 2023.

15.    Stone is a covered employee within the meaning of the FLSA and the NYLL.

16.    A written consent for Stone is being filed with this Class Action Complaint.

### Defendant

**Exos Human Capital, LLC**

17.    Exos Human Capital, LLC is a foreign business corporation organized and existing under the laws of Delaware.

18.    Exos Human Capital, LLC's principal executive office is located at 2629 E. Rose Garden Lane, Phoenix, Arizona 85050.

19.    Exos Human Capital, LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

20.    Exos Human Capital, LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

21.    Exos Human Capital, LLC applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

22.    Upon information and belief, at all relevant times, Exos Human Capital, LLC has had an annual gross volume of sales in excess of $500,000.

23.    At all times relevant, Exos Human Capital, LLC has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

24.    In this regard, employees for Exos Human Capital, LLC regularly handled goods in interstate commerce, including, but not limited to, weight lifting equipment and other supplies produced outside the State of New York.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

26.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27.    This Court likewise has jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. § 1332(a).

28.    The value of Plaintiff's claim exceeds $75,000, exclusive of interests and costs.

29.    Plaintiff is a citizen of a different state than Defendant

30.    This Court further has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

31.    The members of the proposed class are citizens of states different from that of Defendant.

32.     There are over 100 members in the proposed class.

33.     Defendant is subject to personal jurisdiction in New York.

34.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## COLLECTIVE ACTION ALLEGATIONS

35.   Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who work or have worked as Hourly Workers for Exos who elect to opt-in to this action (the "FLSA Collective").

36.   Defendant is liable under the FLSA for, *inter alia*, failing to properly provide prompt payment of minimum wages and overtime wages to Plaintiff and the FLSA Collective.

37.   Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were paid their minimum wages and overtime premiums on a biweekly basis despite being manual workers subject to the payment schedule of NYLL § 191(1)(a).

38.   All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

39.   As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes but is not limited to, willfully failing to deliver prompt payment of minimum wages and overtime to their Hourly Workers, including Plaintiff and the FLSA Collective.

40.   An employer "willfully violates the FLSA when it either knew or showed reckless

disregard for the matter of whether its conduct was prohibited by the [FLSA]." *See Young v. Cooper Cameron Corp.*, 586 F. 3d 201, 207 (2d Cir. 2009).

41.   According to *Whiteside v Hover-Davis*, "a claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *See* 995 F.3d 315, 323 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "For a plaintiff to nudge their claim 'across the line from conceivable to plausible,' [they] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *See Id.* (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)).

42.   Defendant's willful violation of the FLSA is evidenced by the clear nature of the violation – NYLL § 191(1)(a) is crystal clear in its requirements.

43.   Defendant knew or should have known that their wage and hour practices with regard to Hourly Workers violated the FLSA's prompt payment requirements. In this regard, district courts around the country, including district courts throughout New York, have repeatedly ruled that employees must be paid in a timely manner.

44.   Defendant's willful violation of the FLSA is further evidenced by their operation of a large multinational company which employs over 4,500 people in 600 locations worldwide.[1]

45.   To support their large operation, Defendant either employs or contracts multiple attorneys with the specific job duty of ensuring compliance with federal and state labor laws, or Defendant recklessly disregards these laws.

46.   Accordingly, it is clear that Defendant recklessly disregarded the law, because their

---

[1]   *See*   https://www.globenewswire.com/en/news-release/2020/03/10/1997949/0/en/EXOS-Names-Greg-Hill-Chief-Human-Resources-Officer.html

substantial operation size does not allow for mere ignorance of their flagrant violation of the FLSA.

47.    As such, Defendant's failure to pay overtime constitutes a willful violation of the FLSA.

## NEW YORK CLASS ACTION ALLEGATIONS

48.    Plaintiff brings the Third Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Defendant in New York between September 23, 2017,[2] and the date of final judgment in this matter (the "New York Class").

49.    The members of the New York Class are so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

50.    There are more than fifty members of the New York Class.

51.    Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

52.    Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

---

[2]  This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

53.     Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

54.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

55.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

56.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

(a)  whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

57.     Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Phillip Stone**

58.     Throughout his employment, Stone was employed at Defendant's 338 Greenwich Street, New York, New York as a "health fitness specialist" paid on an hourly basis of $23.00 from in or around 2016 through approximately May 2023.

59.     During Stone's employment, over twenty-five percent of Stone's duties were

physical tasks, including but not limited to: (1) moving around weights; (2) wiping down workout equipment; (3) emptying garbage pails; (4) cleaning and wiping down bathroom and shower facilities; (5) leading group workouts; (6) demonstrating workouts to clients; and (7) standing for long periods of time.

60.     Despite regularly spending more than twenty-five percent of his daily job duties performing these physical tasks, Stone was compensated by Defendant on a bi-weekly basis.

61.     As a result of Defendant's untimely wage payments, Stone was underpaid for the first seven days of each bi-weekly pay period, and thus Defendant paid Stone on an untimely basis.

62.     In this regard, Defendant failed to pay Stone his wages earned from during the first week of his workweek within seven days as required by the FLSA and NYLL § 191(1)(a).

63.     As a result of Defendant's untimely wage payments, Stone was underpaid for every pay period where Defendant failed to deliver Stone prompt payment.

64.     Moreover, Plaintiff was denied the time value of his money by Defendant's underpayments. Plaintiff was unable to invest, save, or purchase utilizing the wages her earned and was owed that was not delivered on a timely basis.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

65.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.     At all times relevant, Plaintiff and the FLSA Collective were or have been employees, and Defendant was, or has been, an employer of Plaintiff and the FLSA Collective, within the meaning of 29 U.S.C §§ 201 *et seq.*

67.     At all times relevant, Defendant has been an employer of Plaintiff and the FLSA

Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

68.     Defendant failed to promptly pay Plaintiff and the FLSA Collective for all hours worked at no less than the applicable minimum wage.

69.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being promptly paid minimum wages in amounts to be determined at trial, and are entitled to recovery of liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

70.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of FLSA Collective.

72.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

73.     Defendant failed to promptly pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

74.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of liquidated damages, attorneys' fees and costs, and

other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

75.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

77.     Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

78.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all and similar hourly positions companywide who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendant.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      An equal amount of liquidated damages to the amount of minimum wages and overtime Plaintiff was paid promptly pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the New York Class and counsel of record as Class Counsel;

E.      Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

F.      Prejudgment and post-judgment interest;

G.      Reasonable attorneys' fees and costs of the action; and

H.      Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        May 8, 2024

                                    Respectfully submitted,


                                     _/s/ Brian S. Schaffer_____
                                    Brian S. Schaffer

                                    **FITAPELLI & SCHAFFER, LLP**
                                    Brian S. Schaffer
                                    Hunter G Benharris
                                    28 Liberty Street, 30th Floor
                                    New York, New York 10005
                                    Telephone: (212) 300-0375

                                    *Attorneys for Plaintiff and*
                                    *the Putative Class*